UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES WILLIAM HALL,** | ) | **CASE NO. 5:24 CV 1204** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **UNITED STATES OFFICE OF** | ) | **AND ORDER** |
| **THE GENERAL COUNSEL** | ) | |
| **ADMINISTRATIVE OFFICE OF THE** | ) | |
| **UNITED STATES COURTS, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff James William Hall filed this civil rights action challenging decisions rendered against him in an eviction action in the Barberton Municipal Court, as well as decisions by the Summit County Common Pleas Court, the United States District Court for the Northern District of Ohio, the United States Sixth Circuit Court of Appeals, and the United States Supreme Court dismissing prior challenges to the eviction action on the grounds of *res judicata* and judicial immunity. He seeks $20,000,000.00 in compensatory damages and $60,000,000.00 in punitive damages against his former landlord and the judges who rendered decisions against him.

# I. BACKGROUND

In 2019, GMS Management Co. Inc. ("GMS"), represented by attorney James Ogden, brought an eviction action against Plaintiff in Barberton Municipal Court. *GMS Management Co., Inc. v. James Hall* in Case No. CVG 1901059. The Barberton Municipal Court rendered judgment against Plaintiff. After Plaintiff appealed the decision, the Ohio Court of Appeals affirmed the Municipal Court's judgment. *Hall v. GMS Mgt. Co.*, No. CA 29726, 2020-Ohio-5601, ¶ 1, 2020 WL 7238530 (Ohio App. 9 Dist., Dec. 9, 2020).

While Plaintiff's appeal of the eviction proceeding was pending, Plaintiff filed a new action in the Summit County Court of Common Pleas ("Hall 2"). He sued twelve defendants, including GMS; Mr. Ogden; the Barberton Municipal Court and Judges Fish, McKenney, and Magistrate Peck; and the Ohio Ninth District Court of Appeals and Judges Schafer, Callahan, Carr, Hensal, and Teodosio. *James Hall v. GMS Management, Co. Inc.*, No. CV-2020-09-2502 (Summit Cty. Ct. of Comm. Pls.) ("Hall 2"). Plaintiff contended he was wrongfully evicted and wrongfully assessed damages, and that the judges and magistrate of the Barberton Municipal Court and Ohio Ninth District Court of Appeals engaged in misconduct and violated his rights in adjudicating the case. Hall 2 was assigned to Summit County Court of Common Pleas Judge Mary Margaret Rowland, who issued a decision in January 2021, granting Motions by the Defendants to dismiss the case on the bases of immunity and failure to state a claim. The Ninth District Court of Appeals affirmed Judge Rowland's decision. *Hall v. GMS Management Co., Inc.*, No. CA29920, 2021-Ohio-2392, ¶ 1, 2021 WL 2948448, at *1 (Ohio App. 9 Dist., July 14, 2021).

Plaintiff then filed an action in this United States District Court on August 11, 2021, claiming that he was wrongly evicted and assessed damages in the Barberton Municipal Court eviction case and that his rights were violated in connection with the adjudication of Hall 2. He sued thirteen defendants, including GMS; Mr. Ogden; the Barberton Municipal Court and Judges Fish, McKenney, and Magistrate Peck; the Ohio Ninth District Court of Appeals and Judges Schafer, Callahan, Carr, Hensal, and Teodosio; and the Ohio Court of Claims. That case was assigned to United States District Court Judge Patricia A. Gaughan. *Hall v. GMS Management, Co. Inc.*, No. 1:21 CV 1564 (N.D. Ohio Dec. 7, 2021) ("Hall 3"). Judge Gaughan granted the Defendants' Motions to Dismiss on February 7, 2021 and dismissed the case on the grounds of *res judicata* and judicial immunity.

Plaintiff appealed that decision to the United States Sixth Circuit Court of Appeals on December 22, 2021. The Sixth Circuit affirmed the District Court decision on August 12, 2022, also citing *res judicata* and judicial immunity. Plaintiff filed a Petition for a Writ of Certiorari in the Supreme Court of the United States on January 11, 2023. The Supreme Court denied the Petition on March 7, 2023.

Undeterred, Plaintiff filed this action, once again challenging the decisions of the Barberton Municipal Court in the 2019 eviction action, and claiming that Judge Gaughan, the Sixth Circuit Court of Appeals Judges, and the United States Supreme Court Clerks denied him due process by not declaring that the eviction and Hall 2 were without merit. He seeks monetary damages from sixteen Defendants, including GMS and Mr. Ogden; the Barberton Municipal Court Clerks Office and Judges Fish and McKenney; Summit County Common Pleas Court Judge Mary Margaret Rowland; the General Counsel of the Administrative Office of the

United States Courts, United States District Court Judge Patricia A. Gaughan, United States Sixth Circuit Court of Appeals Judges Danny J. Boggs, Richard Allen Griffin, David W. McKeague, Helene N. White, Chad A. Readler, and Andre B. Mathis; and United States Supreme Court Clerk Scott S. Harris and Case Analyst Clayton Higgins, Jr.

## II. STANDARD OF REVIEW

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold it to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam), District Courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the District Court lacks subject matter jurisdiction over the matter. *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir.1990).

## III. ANALYSIS

As an initial matter, ten of the sixteen Defendants in this action are members of the judicial branch of the United States government. The United States may not be sued without its consent, and the terms of that consent must be "unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Sovereign immunity extends to agents and officers of the

United States sued in their official capacities. *Spalding v. Vilas*, 161 U.S. 483, 498 (1896). To proceed with his claims against the United States and its officials, Plaintiff must point to some statute waiving sovereign immunity for the type of suit he seeks to bring. He has not pointed to any such statute. Although *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971) provides a limited cause of action against individual federal government officers acting under color of federal law who are sued in their individual capacities, the United States has not consented to suit under *Bivens* for itself, its agencies or its officers sued in their official capacities. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994).

Moreover, *Bivens* claims can only be brought in three specific contexts: (1) Fourth Amendment search and seizure challenges; (2) Fifth Amendment gender-discrimination cases, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) in an Eighth Amendment Cruel and Unusual Punishments Clause case, *Carlson v. Green*, 446 U.S. 14 (1980). *Ziglar v. Abbasi*, 582 U.S. 120, 131-132 (2017). The Supreme Court declined to extend *Bivens* to any other claims. *Id.* Plaintiff's claims for denial of due process are not among the three recognized causes of action under *Bivens*. Plaintiff cannot bring a civil rights action under *Bivens* against any of the federal Defendants.

Furthermore, ten of the sixteen Defendants are judges. Judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988), citing *Pierson v. Ray*, 386 U.S. 547, 553 (1967). Absolute judicial immunity shields judicial officers from damages suits arising out of the performance of their judicial functions even when they act erroneously or in bad faith. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Barnes v. Winchell*,

105 F.3d 1111, 1115 (6th Cir. 1997). There are only two sets of circumstances in which a judicial officer is not entitled to immunity: (1) when the judge was not acting as a judge when he or she committed the action giving rise to the Complaint; or (2) when the actions were "taken in the complete absence of all jurisdiction" of the Court over which he or she presides. *Mireles*, 502 U.S. at 11-12. Plaintiff purports to sue these judges on the basis of rulings they made, or conduct in which they engaged, during the performance of their official judicial functions in the Barberton Municipal Court, the Common Pleas Court, the United States District Court, and the United States Sixth Circuit Court of Appeals. Plaintiff does not allege cogent facts in his Complaint plausibly suggesting that any of these judicial Defendants took any action falling outside of the scope of their absolute judicial immunity.

Similarly, the two Court Clerks from the Supreme Court of the United States have absolute quasi-judicial immunity from damages for performing tasks that are an integral part of the judicial process. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). Whether an act is judicial in character does not depend on whether it is discretionary. *Id.* Rather, immunity applies to all acts of auxiliary court personnel that are "basic and integral parts of the judicial function," unless those acts are done in the clear absence of all subject matter jurisdiction of the court. *Mullis v. U.S. Bankruptcy Court, Dist of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). Acts committed in error or in excess of jurisdiction will not abrogate immunity, even if it results in "grave procedural errors." *Id.* Plaintiff does not clearly set forth a factual basis for his claims against the two Supreme Court Clerks. Those claims appear to based on the rejection of his Petition for a Writ of Certiorari. The review and processing of Petitions is an integral part of the judicial process and within the subject matter jurisdiction of the United States Supreme

Court. *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993)(citing the Sixth Circuit's decision in *Foster*).[1] The Supreme Court Clerks are therefore entitled to absolute immunity.

Furthermore, the Barberton Municipal Court Clerk's Office is not *sui juris*, meaning it is not a legal entity apart from the City of Barberton that can sue or be sued. As stated by the Sixth Circuit in his appeal of Hall 3:

> "[a] court is ... a place in which justice is judicially administered." *State ex rel. Cleveland Mun. Ct. v. Cleveland City Council*, 296 N.E.2d 544, 546 (Ohio 1973) (quoting *Todd v. United States*, 158 U.S. 278, 284 (1895)). It "is not *sui juris*," so "[a]bsent express statutory authority, a court can neither sue nor be sued in its own right." *Id.* Because Hall failed to cite any statute allowing him to sue the Barberton Municipal Court or the Ohio Court of Claims, the district court properly dismissed Hall's claims against those courts. *See Cooper v. Rapp*, 702 F. App'x 328, 334-35 (6th Cir. 2017).

*Hall v. GMS Mgmt. Co., Inc.*, No. 21-4210, 2022 WL 17858852, at *3 (6th Cir. Aug. 11, 2022).

Finally, this case is barred by *res judicata*. The term "*res judicata*" literally means "a matter [already] judged. RES JUDICATA, BLACK'S LAW DICTIONARY (11th ed. 2019). The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322,

---

[1] *See Fish v. Murphy*, No. 01-3601, 2001WL 1355611(6th Cir. Oct. 26, 2001)(finding the clerk of court was entitled to absolute immunity even though he stamped the wrong date on the document which resulted in the dismissal of an appeal); *Harris v. Suter*, No. 00-3309, 2001 WL 111586 (6th Cir. Feb. 1, 2001)(holding clerk was entitled to absolute immunity for actions associated with filing or failing to file a document); *Burton v. Mortimer*, No. 99-1956, 2000 WL 876517 (6th Cir. June 22, 2000)(finding the denial of free copies of the file and a delay in forwarding the record to the state court of appeals which results in an erroneous dismissal for lack of jurisdiction and are both quasi-judicial functions which entitle the clerk to absolute immunity); *see also Foster*, 864 F.2d at 417 (the act of issuing an order of a judge is a quasi-judicial function entitled to immunity).

326 (1979). When one court has already resolved the merits of a case, another court will not revisit them. *Id.* The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.*

This case is barred by *res judicata* in two ways. First, Plaintiff raised these same claims in Hall 2 filed in the Summit County Court of Common Pleas. Judge Rowland of the Summit County Court of Common Pleas issued a final judgment on the merits in Hall 2, resolving Plaintiff's claims of wrongdoing in connection with the adjudication of the Municipal Court eviction action against him. This judgment bars Plaintiff from bringing any claims arising out of the same transaction or occurrence. Any claim Plaintiff purports to allege in this case that was already addressed in Hall 2 is barred by *res judicata*. Second, Plaintiff raised these same claims in Hall 3, which challenged not only the eviction action, but also the result in Hall 2. Judge Gaughan already decided that the claims Plaintiff asserted were barred by *res judicata* and the judges named as Defendants were absolutely immune from damages. *Res judicata* bars relitigation of any of the claims addressed in Hall 3.

Up to this point, the Courts in this District have been tolerant of Plaintiff's *pro se* filings; however, there comes a point when we can no longer allow Plaintiff to misuse the judicial system. It is apparent that unless this Court takes steps to curtail his filings he will continue to bring frivolous actions to challenge his 2019 eviction and the subsequent court decisions that deny his bids to relitigate that action. Federal courts have both the inherent power and

constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this Court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. *Id*. To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)(citations omitted)).

Plaintiff has established a pattern of filing Complaints in this Court which are patently frivolous and vexatious, and which appear calculated to harass the Defendants and abuse the judicial process. Accordingly, James William Hall is permanently enjoined from filing any new lawsuits without seeking and obtaining leave of court from the Chief Judge or the Miscellaneous Duty Judge in accordance with the following:

> 1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file and he must attach a copy of this Order to it (any such Motion should be filed in a miscellaneous case).
>
> 2. As an exhibit to any Motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.
>
> 3. By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit which has been previously filed by him or on his behalf in any court against each and every Defendant in any new

suit he wishes to file, and (b) the full caption of each and every suit which he has currently pending.

4. As a third exhibit to the Motion, he must provide a copy of each Complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The Court may deny any Motion Pursuant to Court Order Seeking Leave to File if the proposed document is frivolous, vexatious or harassing. If the Motion is denied, the document shall not be filed. Further, Plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this Court to deny any Motion Pursuant to Court Order Seeking Leave to File, and may be considered an act of contempt for which he may be punished accordingly.

Further, to prevent future harassment by Plaintiff and the waste of this Court's limited resources, the Clerk's Office is ordered as follows:

1. Any document submitted by Plaintiff prior to him obtaining leave to file shall not be filed unless it is **specifically identified** as a "Motion Pursuant to Court Order Seeking Leave to File" and unless it contains: (1) an affidavit or sworn declaration as required by this order; (2) a copy of this Memorandum of Opinion; and, (3) the exhibits required by this Memorandum of Opinion.

2. The Clerk's Office shall not accept any filing fees, cover sheets, *in forma pauperis* applications, summonses, U.S. Marshal Forms, subpoenas, letters or exhibits in connection with any Motion Pursuant to Court Order Seeking Leave to File which Plaintiff files, unless and until leave is granted.

### IV. CONCLUSION

Accordingly, this action is **DISMISSED**.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]  Plaintiff, James William Hall is permanently enjoined from filing new cases without first requesting and receiving leave of court in accordance with the terms set forth in this Memorandum of Opinion and Order.

**IT IS SO ORDERED**.

                                               7/18/2024
                            **DAN AARON POLSTER**
                            **UNITED STATES DISTRICT JUDGE**

---

[2]   28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.